IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIKA-HOMEWOOD, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21 C 786 |
| OFFICEMAX, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant OfficeMax, Inc. has filed a petition for attorney's fees and expenses. Plaintiff Dika-Homewood, LLC opposes both OfficeMax's entitlement to fees and the amount OfficeMax requests. This ruling concerns only OfficeMax's entitlement to attorneys' fees and expenses.

This case involved state-law claims litigated in federal court under diversity jurisdiction. Illinois law governs any entitlement to fees and expenses. Under Illinois law, the decision whether to award attorneys' fees is generally entrusted to the discretion of the trial court. *Raffel v. Medallion Kitchens of Minn., Inc.*, 139 F.3d 1142, 1147 (7th Cir. 1998). But when a contract between the parties specifically authorizes attorneys' fees, it is an "error for the trial court to fail to provide for them." *Myers v. Popp Enters., Inc.*, 216 Ill. App. 3d 830, 838, 576 N.E.2d 452, 457 (1991). If the parties have agreed to shift attorneys' fees, the Court should use its discretion to "award reasonable attorney fees according to the specific provisions of the contract."

*Brzozowski v. N. Trust Co.*, 248 Ill. App. 3d 95, 100, 618 N.E.2d 405, 411 (1993).

The Court concludes that OfficeMax is entitled to reasonable fees and costs under both section 40 of parties' lease and section 13 of the second amendment to the lease. Both agreements unambiguously provide for costs and attorneys' fees in favor of the prevailing party in any litigation between the parties regarding enforcement of rights under the lease. Moreover, both provisions use mandatory language: "the prevailing party . . . *shall* receive from the other party" (section 40) and "the non-prevailing party *shall* reimburse the prevailing party" (section 13).

Dika-Homewood raises two challenges to OfficeMax's entitlement to fees under the lease and the second amendment. First, Dika-Homewood contends that OfficeMax is not a "prevailing party" within the meaning of the relevant fee shifting provisions because the Court did not award OfficeMax any compensatory damages, and OfficeMax therefore failed to achieve any benefit or affirmative recovery. This argument is frivolous, or nearly so. Dika-Homewood sued OfficeMax to recover money, and OfficeMax won, with judgment entered in its favor on Dika-Homewood's claims. It's that simple. According to a Seventh Circuit case that Dika-Homewood itself cites on this point, "a 'prevailing party' is one who 'is successful on any significant issue in the action and achieves some benefit in bringing suit, *when it receives a judgment* in its favor, *or* when it achieves an affirmative recovery.'" *Tax Track Sys. Corp. v. New Inv. World, Inc.*, 478 F.3d 783, 789 (7th Cir. 2007) (emphasis added) (quoting *Med + Plus Neck & Back Pain Ctr., S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861, 726 N.E.2d 687, 694 (2000)). "A party that receives judgment in his favor is usually considered the prevailing party." *J.B. Esker & Sons, Inc. v. Cle-Pa's P'ship*, 325 Ill. App. 3d 276, 281, 757 N.E.2d

2

1271, 1275 (2001); see also, *Tomlinson v. Dartmoor Constr. Corp.*, 268 Ill. App. 3d 677, 687, 645 N.E.2d 376, 383 (1994).  "The success [OfficeMax] had in defeating [Dika-Homewood's] claim[s] against it and in securing [a judgment in its favor] on [its] counterclaim[s] undoubtedly indicates that it was the prevailing party." *Id*.

The plain terms of the attorneys' fees provisions in the lease and second amendment do not limit recovery to costs or fees incurred by the plaintiff or person initiating the lawsuit.  And even if it did, OfficeMax *did* bring affirmative counterclaims against Dika-Homewood, and it prevailed on those as well.  The fact that no compensatory relief was obtained is of no consequence.  *See Palmetto Props., Inc. v. Cty. of DuPage*, 375 F.3d 542, 549-50 (7th Cir. 2004) (even a party which obtained only partial summary judgment, without any compensatory damages, was entitled to attorney's fees as prevailing party).

Second, Dika-Homewood contends that the fee shifting provisions in the lease and the second amendment did not survive the termination of the agreements because there was no language in those provisions explicitly stating that they would be enforceable beyond the lease term.  Elsewhere in the lease, Dika-Homewood notes, "survival" language was included to indicate that the specific term (section 31) was to survive the cancellation or termination of the lease.  So, Dika-Homewood contends, if the parties intended the fee shifting provisions in sections 40 and 13 to be enforceable past the termination of the lease, they would have included similar language in those provisions, but they did not.

By way of background, the extended lease term from the second amendment expired on January 31, 2021.  Dika-Homewood filed its complaint in this case in state

3

court just before that, in December 2020, but the case was not removed to this Court until February 11, 2021, OfficeMax filed its answer and counterclaims on April 15, 2021, which is, of course, after the termination of the extended term of the lease. But Dika-Homewood's contention on this point lacks merit. First, the argument is rather disingenuous. Dika-Homewood included in its own claims a request for fees and costs, even though the lease term was about to expire just after it filed the lawsuit. And in March 2021, after the lease had come to an end, Dika-Homewood filed an amended complaint in which it specifically alleged that "D-H is entitled to its fees and costs incurred as a result of any default and enforcement of the Lease," including under the selfsame paragraph 13 of the second amendment that OfficeMax cites. Am. Compl. ¶ 18.

That aside, construing the fee shifting provisions as Dika-Homewood proposes would effectively render them a nullity, which is inappropriate as a matter of contract construction. *See Stampley v. Altom Transp., Inc*., 958 F.3d 580, 586 (7th Cir. 2020); *see also*, *Thompson v. Gordon*, 241 Ill. 2d 428, 442, 948 N.E.2d 39, 47 (2011) ("A court will not interpret a contract in a manner that would nullify or render provisions meaningless, or in a way that is contrary to the plain and obvious meaning of the language used."). By their very nature, the fee shifting provisions at issue here—and presumably all fee shifting provisions—cannot be invoked until one party brings suit against another party to enforce rights and obligations under the lease *and prevails*. That's almost certain to happen after or around the end of the conclusion of the lease. Construing the fee shifting provisions here as Dika-Homewood suggests would essentially require litigation not only to be initiated—but also to be completed—before

4

the expiration of the second amendment. This ignores the reality of how long lawsuits take to resolve, as evidenced by the present case, which was litigated over a period of more than two years (including several extensions sought by Dika-Homewood), only two months of which technically fell within the lease term. Dika-Homewood's reading could not have reasonably been the intent of the parties. *See Lease Mgmt. Equip. Corp. v. DFO P'ship*, 392 Ill. App. 3d 678, 685, 910 N.E.2d 709, 715 (2009) ("When construing a contract, the court's primary objective is to give effect to the intent of the parties").

## Conclusion

For the reasons stated above, the Court grants defendant's motion for an award of attorney's fees and expenses. The status hearing set for August 25, 2023 is vacated. The parties are directed to promptly negotiate in good faith to attempt to resolve the recoverable amount of fees and expenses—without prejudice, of course, to Dika-Homewood's right to challenge on appeal OfficeMax's entitlement to fees—and are to file a status report with the Court on September 15, 2023. A telephonic status hearing is set for September 22, 2023 at 9:10 AM, using call-in number 888-684-8852, access code 746-1053.

Date: August 23, 2023

_____
MATTHEW F. KENNELLY
United States District Judge